NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHAMBERS OF
**SUSAN D. WIGENTON**
UNITED STATES DISTRICT JUDGE

MARTIN LUTHER KING COURTHOUSE
50 WALNUT ST.
NEWARK, NJ 07101
973-645-5903

February 2, 2018

Daniel C. Nowak, Esq.
Callagy Law, P.C.
650 From Road
Suite 565
Paramus, NJ 07652
*Counsel for Plaintiff*

Amanda L. Genovese, Esq.
Troutman Sanders LLP
875 Third Avenue
New York, NY 10022
*Counsel for Defendant*

## LETTER OPINION FILED WITH THE CLERK OF THE COURT

Re:   University Spine Ctr. v. Anthem Blue Cross Life & Health Ins. Co.
      Civil Action No. 17-8711 (SDW) (LDW)

Counsel:

Before this Court is Defendant Anthem Blue Cross Life and Health Insurance Company's ("Defendant") Motion to Dismiss Plaintiff University Spine Center's ("Plaintiff") Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6). This Court having considered the parties' submissions, and having reached its decision without oral argument pursuant to Federal Rule of Civil Procedure 78, for the reasons discussed below, **GRANTS** Defendant's motion in part and **DENIES** Defendant's motion in part.

## BACKGROUND & PROCEDURAL HISTORY

On or about August 31, 2015, Plaintiff, a healthcare provider located in Passaic County, New Jersey, provided medical services to Clinton L. ("Patient"). (Compl. ¶¶ 4-5.) Plaintiff alleges it obtained an assignment of benefits from Patient in order to bring a claim under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1002, *et seq.* (*Id.* ¶ 6.) Plaintiff then demanded reimbursement from Defendant in the amount of $301,568.00, of which Defendant paid $9,771.48. (*Id.* ¶¶ 7-8.) Plaintiff alleges that it "engaged in the applicable administrative

appeals process maintained by Defendant" but Defendant denied the appeal and refused to make additional payment. (*Id.* ¶¶ 9-11.) On August 31, 2017, Plaintiff filed a three-count Complaint in the Superior Court of New Jersey, Law Division, Passaic County, alleging breach of contract, failure to make payments pursuant to Patient's Plan, and breach of fiduciary duty.[1] (Dkt. No. 1-1.) Defendant removed to this Court on October 19, 2017 and filed the instant motion to dismiss on December 4, 2017, alleging Plaintiff lacks standing to bring suit and has failed to state claims upon which relief can be granted. (Dkt. Nos. 1, 7.) Plaintiff filed its opposition on January 22, 2018 and Defendant replied on January 29, 2018. (Dkt. Nos. 9, 10.)[2]

**DISCUSSION**

A.

The Federal Rules of Civil Procedure provide that a complaint must be dismissed if the district court lacks subject matter jurisdiction. FED. R. CIV. P. 12(b)(1). "Ordinarily, Rule 12(b)(1) governs motions to dismiss for lack of standing, as standing is a jurisdictional matter." *N.J. Brain & Spine Ctr. v. Aetna, Inc.*, 801 F.3d 369, 372 n.3 (3d Cir. 2015). However, in a case where a party claims derivative standing to sue under ERISA § 502(a), a motion to dismiss for lack of standing is "properly filed under Rule 12(b)(6)." *Id.* Therefore, the standard of review for both of Plaintiff's Rule 12(b) motions is the same.

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). This Rule "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted); *see also Phillips v. Cty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (stating that Rule 8 "requires a 'showing,' rather than a blanket assertion, of an entitlement to relief"). In considering a Motion to Dismiss under Rule 12(b)(6), the Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips*, 515 F.3d at 231 (external citation omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Fowler v. UPMC Shadyside*, 578 F.3d 203 (3d Cir. 2009) (discussing the *Iqbal* standard).

B.

Defendant first argues that Plaintiff lacks standing to bring a claim. ERISA Section 502(a) permits claims brought by a "participant" or "beneficiary." 29 U.S.C. § 1132(a) (1)-(4). A "participant" is defined as "any employee or former employee of an employer, or any member or

---

[1] Plaintiff has voluntarily dismissed Count One, therefore, only Counts Two and Three remain in dispute.
[2] In its moving papers, Defendant asks that, to the extent Plaintiff's designation of trial counsel is "deemed a demand for a jury trial," such a demand be stricken. *See* Def.'s Br. at 18. This Court does not equate the designation of trial counsel with a demand for a jury. In addition, the docket clearly indicates that no jury demand has been made. Defendant should refrain from making such requests in the future unless warranted by the pleadings.

former member of an employee organization, who is or may become eligible to receive a benefit of any type from an employee benefit plan which covers employees of such employer or members of such organization, or whose beneficiaries may be eligible to receive any such benefit." 29 U.S.C. § 1002(7). A "beneficiary" is defined as "a person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder." 29 U.S.C. § 1002(8). Here, it is uncontested that Plaintiff is neither a participant nor a beneficiary as defined by ERISA. Rather, Plaintiff asserts it has derivative standing by virtue of an assignment of Patient's benefits to Plaintiff. (Compl. ¶ 6.)

"Healthcare providers that are neither participants nor beneficiaries in their own right may obtain derivative standing by assignment from a plan participant or beneficiary." *N.J. Brain & Spine*, 801 F.3d at 372. Here, Defendant challenges the validity of Plaintiff's alleged assignment as "suspect" because it is dated four days prior to the date of Patient's medical services and "only vaguely alleges that Plaintiff received 'an assignment of benefits.'" (Dkt. No. 1-1 Ex. B; Def.'s Br. at 7-8.) However, the assignment was dated within days of the medical procedure at issue, it identifies "Blue Cross" as Patient's insurance provider, and is signed by Patient. (Dkt. No. 1-1 Ex. B.) Although the alleged assignment does not specify the precise benefits assigned, it is sufficient to grant Plaintiff standing to assert claims under ERISA 502(a) at this stage in the proceedings.

C.

Turning to the substance of Counts Two and Three, Defendant first argues that Plaintiff has failed to show "any particular provision within any health benefits plan that was allegedly violated by" Defendant. (Def.'s Br. at 14.) Plaintiff, however, has pled that it is "entitled to payment of health benefits from Defendant pursuant to a health plan administered by Defendant" and that the dispute at issue arose from a failure to fully reimburse Plaintiff for services rendered to Patient on August 31, 2015. (Compl. ¶¶ 16, 21, 26-27.) These facts provide Defendant enough information to understand the claims against it and to defend against them at this time. As a result, Defendant's Motion to Dismiss Count Two will be denied.

Defendant next asserts that Plaintiff may not simultaneously bring a claim pursuant to 29 U.S.C. § 1132(a)(3) for breach of fiduciary duty (Count Three) and a claim to enforce benefits pursuant to 29 U.S.C. § 1132(a)(1)(B) (Count Two). Defendant seeks dismissal of Count Three as duplicative, because Count Three "does not state a claim for equitable relief separate and apart from the monetary relief requested in Count Two." (Def.'s Br. at 16-18.) This Court disagrees. Not only does Plaintiff request "such other and further relief as the Court may deem just and equitable" in Count Three, this Court finds that "[i]t is too early in these proceedings to decide whether Plaintiff is contractually entitled to benefits under the Plan. If Plaintiff is not entitled to benefits under the Plan, Plaintiff might still be entitled to 'other appropriate equitable relief' to remedy any breaches of fiduciary duty by Defendants." *Tannenbaum v. UNUM Life Ins. Co. of Am.*, Civ. No. A. 03-1410, 2004 WL 1084658, at *4 (E.D. Pa. Feb. 27, 2004); *see also Lipstein v. UnitedHealth Grp.*, 296 F.R.D. 279, 298 (D.N.J. 2013); *DeVito v. Aetna, Inc.*, 536 F. Supp. 2d 523, 533-34 (D.N.J. 2008). Therefore, this Court will deny Defendant's Motion to Dismiss Count Three. If applicable, Defendant may raise this issue again on summary judgment after factual discovery regarding available relief is concluded.

**CONCLUSION**

Defendant's Motion to Dismiss Count One of the Complaint is **GRANTED**. Defendant's Motion to Dismiss Counts Two and Three of the Complaint is **DENIED**. An appropriate order follows.

                                                                            /s/ Susan D. Wigenton\
                                                                    **SUSAN D. WIGENTON, U.S.D.J.**

Orig:   Clerk\
cc:     Parties\
          Leda D. Wettre, U.S.M.J.